IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-51,644-02






EX PARTE MAURICE MURPHY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F99-71481-HN IN THE 195TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to thirty years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Murphy v. State, No. 05-99-02081-CR (Tex. App.-Dallas delivered June 30, 2000). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to allow
Applicant to testify at the guilt phase of trial and failing to inform Applicant of a twenty-year plea-
bargain offer made by the State. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court has entered findings of fact. However, this Court believes that an affidavit
is necessary from trial counsel before a decision can be made on the merits of Applicant's
application. The trial court shall make supplemental findings of fact as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall make findings as to whether counsel prevented Applicant
from testifying on his own behalf. The trial court will make findings as to whether a twenty-year
plea-bargain offer existed and if so, whether counsel informed Applicant of this offer. The trial court
shall also make any other supplemental findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 22, 2006

Do not publish